IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD E. OHLIN & <br> BEVERLY J. OHLIN, <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    No: 1:06cv00533 (RCL) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint.

As grounds for this motion, the United States submits that plaintiffs failed to properly serve the United States and the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: May 18, 2006.   Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD E. OHLIN & <br> BEVERLY J. OHLIN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06cv00533 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 1990, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection" of federal taxes.

QUESTIONS PRESENTED

Plaintiffs attempted to serve the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, Ronald & Beverly Ohlin, filed this complaint on March 20, 2006.  The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1990", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 7.)<u>1</u>/  On April 24, 2006, plaintiff Ronald Ohlin filed returns of service showing that plaintiff himself served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER # 2.)

2. <u>Relief sought in the complaint</u>.  Plaintiffs seek damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 32.)<u>2</u>/

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party."  Under rule 4(i), the United States must be served by:  (1) delivering a copy of the summons and complaint to the United States

---

<u>1</u>/  Plaintiffs' case is one of more than 50 known cases filed in this Court with substantially similar complaints and/or allegations.

<u>2</u>/  Plaintiffs also may be seeking declaratory relief.  (*See* Compl. ¶ 31.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Ronald E. Ohlin signed the returns of service indicating that he, himself, served the summons on the Attorney General and the United States

Attorney for the District of Columbia by certified mail. Ronald E. Ohlin is, of course, a party to this action, and thus cannot properly serve the summons. *See Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730604, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, * 1(N.D. Cal. 2001). Further, plaintiffs have not alleged that they served a copy of the complaint on the Internal Revenue Service. Accordingly, plaintiffs have failed to properly serve the United States, and their complaint must be dismissed.

II.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶¶ 7, 32.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over

plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979

F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiffs asserts that they "may forego exhausting administrative remedies that are either futile or inadequate[.]" (Compl. ¶¶ 6, 30.)3/ Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

## CONCLUSION

Because plaintiffs have failed to properly serve the United States and because the Court lacks jurisdiction over their complaint, the complaint should be dismissed.

DATE: May 18, 2006.            Respectfully submitted,

 /s/ Jennifer L. Vozne  
JENNIFER L. VOZNE  
Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 227  
Washington, DC  20044  
Phone/Fax:  (202) 307-6555/514-6866  
Email: Jennifer.L.Vozne@usdoj.gov

---

3/   Plaintiffs also state, in conclusory fashion, that "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies." (Compl. ¶ 26.) They then conclude by stating that "[e]ven assuming some minor defect in [their] administrative claim, requiring [them] to again pursue administrative remedies would amount to nothing more than futile reexhaustion." (*Id.*)

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 18th day of May, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>RONALD E. OHLIN
>BEVERLY J. OHLIN
>*Plaintiffs pro se*
>1856 S. 7th Road
>Huntley, MT 59037

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1715006.1